# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Case No. 14-cv-1953

ELOY GARZA

      Plaintiff,

v.

WESTERN STONE OF LYONS, LLC; and
PAUL W. FRYSIG

      Defendants.

---

# COMPLAINT

---

COMES NOW, the above named Plaintiff, with the following Complaint:

## I.      JURISDICTION, VENUE, AND PARTIES

1.      This Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1331 (federal question) and supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's related claims under Colorado law.

2.      Venue is proper pursuant to 28 U.S.C. § 1391. All Defendants are located in Colorado and the acts and omissions that are the subject of this complaint occurred in the District of Colorado.

3.      At all times material to the allegations of the complaint, Plaintiff Eloy Garza has been domiciled in the District of Colorado.

4.      At all times material to the allegations of the complaint, Defendant WESTERN STONE OF LYONS, LLC (hereinafter "Western Stone") has been a Colorado limited liability company with its principal place of business in the District of Colorado.

5.      At all times material to the allegations of the complaint, the Defendant Paul W. Frysig

has been domiciled in the District of Colorado.

## II.      GENERAL ALLEGATIONS

6.      Defendant Western Stone is located in Lyons, Colorado and claims to be one of the

"leading suppliers of finished and unfinished stone products in the country."

7.      It provides finished stone (*e.g.,* stone furniture and countertops), yard stone (*e.g.*, for

patios, retaining walls, garden borders or firepits), and stone for incorporation into structures

(*e.g.*, buildings, walls, and stairs).

8.      In or around 2000 or 2001, Plaintiff Eloy Garza entered into an employment contract

with Defendant Western Stone to work as an hourly employee.

9.      The employment contract terminated in or about the summer of 2013.

10.     Under the employment contract, Mr. Garza was involved in all aspects of Western

Stone's work. He, among other things, cut stone, weighed stone, created stone countertops and

furniture, and moved stone throughout the Western Stone's operation.

11.     During Mr. Garza's entire employment with Western Stone, Defendant Frysig was a

member, manager, and agent of Defendant Western Stone.

12.     Defendant Frysig controlled all aspects of Defendant Western Stone's operations. He was

the self-proclaimed owner of Western Stone, signed Mr. Garza's pay checks, hired Mr. Garza,

fired Mr. Garza, controlled when, where, and how Defendant Garza worked, and controlled Mr.

Garza's employment records.

13.     Mr. Garza frequently work 40 hours in a week and was never paid any overtime.

14.     Mr. Garza was also not paid at all for some of the hours he worked and had pay illegally

withheld from his paychecks for rent, as throughout the employment contract Mr. Garza and his

family lived on the same real property where Defendant Western Stone is located.

15.     Mr. Garza did not agree in writing to have this money deducted from his pay for rent.

16.     Defendants Western Stone and Frysig also fraudulently misreported Mr. Garza's earnings to the IRS by, among other ways, intentionally and fraudulently underreporting his wages on W-2 and W-3 forms.

### III.     FIRST CLAIM FOR RELIEF FOR BREACH OF THE FAIR LABOR STANDARDS ACT (FLSA) 29 U.S.C. §§ 201 *ET SEQ.* (Against all Defendants)

17.     Mr. Garza incorporates by reference all previous paragraphs of his Complaint.

18.     Western Stone entered into the employment contract with Mr. Garza and therefore Mr. Garza was an "employee" as that term is defined by the FLSA at 29 U.S.C § 203(e).

19.     Defendant Frysig also employed Mr. Garza pursuant to 29 U.S.C. § 203(d) because he acted directly or indirectly in the interest of Western Stone in relation to Mr. Garza, by, among other things, controlling when, where, and how Mr. Garza worked; controlling the specific terms of Mr. Garza's employment relationship with Western Stone, including the rate of pay and Mr. Garza's tenancy; hiring Mr. Garza; firing Mr. Garza; paying Mr. Garza; and controlling Mr. Garza's employment records.

20.     By information and belief, based on the size of Defendant Western Stone's operations and the cost of the materials used by Western Stone, Western Stone had annual revenues in excess of $500,000 during the Plaintiff's entire employment.

21.     During the entire employment of the Plaintiff, Western Stone had two or more employees that handled goods or materials that had been moved in or produced for interstate commerce, including computers, stone cutting tools, and the stone products it produced.

22.     During his entire employment, Mr. Garza was engaged in the production of goods for commerce pursuant to 29 U.S.C. § 203(b) because the stone that he cut and otherwise worked with, and the stone products he created (including countertops and stone furniture), moved, or

could reasonably be expected to move, in interstate commerce. Defendant Western Stone's website claims "[o]ur unique products have been used in many showcase homes and landscapes throughout the world" and "[o]ut-of-state deliveries are shipped using either UPS, DHL, Yellow Freight or Brokered Freight."

23.     As the employers of Mr. Garza, the Defendants were required to pay Mr. Garza minimum wage and overtime pursuant to 29 U.S.C. §§ 206-207 and failed to do so. Instead, they did not pay him for all of the hours he worked and only paid him his regular hourly rate for hours in excess of 40 in a week.

24.     The failure to pay overtime was willful pursuant to 29 U.S.C. § 255(a) because the Defendants knew or showed reckless disregard for the fact that Mr. Garza was covered by the FLSA and therefore entitled to minimum wage and overtime.

25.     Mr. Garza and those similarly situated are therefore entitled to the following pursuant to 29 U.S.C. § 216: unpaid overtime, unpaid minimum wage, statutory liquidated damages, reasonable attorney's fees, and costs.

## IV.     SECOND CLAIM FOR RELIEF FOR WILLFULLY FILING FRAUDULANT INFORMATION RETURNS PURSUANT TO 26 U.S.C. § 7434
### (Against all Defendants)

26.     Mr. Garza incorporates by reference all previous paragraphs of his Complaint

27.     The Defendants filed fraudulent W2 and, by information and belief based on the W2s the Plaintiff received, W3 forms with the IRS that misreported payments to Mr. Garza.

28.     Mr. Garza received a handwritten W-2 for 2012 stating that he earned $17,848.88 for 2012. Accounting records from Western Stone provided to Mr. Garza by Western Stone's accountant indicate that he was paid at least $20,512.70 during 2012. Similar discrepancies occurred throughout Mr. Garza's employment. Mr. Garza further believes that Defendants were misreporting his wages because they sometimes paid him in cash, deducted rent from his pay

without including the deducted rent in gross wages for the purposes of deductions, and sometimes paid him with checks without withholding any money for FICA or income taxes.

29.    The filings are willful and fraudulent because the Defendants knew that Mr. Garza received more in wages than was reported in the forms provided to the IRS because they paid Plaintiff Garza and maintained separate accounting records showing the discrepancy. Moreover, the Defendants were able to avoid paying state and federal taxes and avoid withholding by fraudulently under-reporting wages paid to Mr. Garza.

30.    Pursuant to 26 U.S.C. § 7434, "[i]f any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return."

31.    Pursuant to 26 U.S.C. § 7434, Mr. Garza is entitled to damages of at least $5000 per fraudulent return and attorney's fees.

## V.    THIRD CLAIM FOR RELIEF FOR BREACH OF FIDUCIARY DUTY AND CIVIL THEFT UNDER THE COLORADO TRUST FUND ACT C.R.S. §§ 38-22-127, 18-4-401, 18-4-405
### (Against all Defendants)

32.    Mr. Garza incorporates by reference all previous paragraphs of his Complaint.

33.    Western Stone entered into the employment contract with Mr. Garza.

34.    Under the employment contract, Mr. Garza performed labor improving real properties located in Colorado and was not paid at all for some of this work and was never paid overtime. The improvements worked on by Mr. Garza included countertops, stone incorporated into buildings, and stone used in landscaping.

35.    Funds were disbursed to Western Stone as payment for labor performed by Mr. Garza on the improvements.

36.     Upon information and belief, based on the length of time between some of the disbursals (Mr. Garza was employed for over 10 years) and the fact that Mr. Garza is owed unpaid and illegally withheld wages from throughout his employment, Western Stone failed to use the funds disbursed for Mr. Garza's work to pay Mr. Garza and failed to hold the disbursed funds in trust for Mr. Garza.

37.     At all times relevant to this Complaint, Defendant Frysig was in complete control of the finances and financial decisions of Defendant Western Stone because, among other reasons, he was the self-proclaimed "owner" of Western Stone and managed the businesses finances, including payments to Mr. Garza and other workers and suppliers. Defendant Frysig signed Mr. Garza's pay checks and pay stubs.

38.     By information and belief, based on the length of time since disbursals occurred and the fact that Mr Garza is still owed unpaid wages, Defendants intended to permanently deprive Mr. Garza of the disbursed funds they received for Mr. Garza's work or used the disbursed funds in a manner practically certain to deprive Mr. Garza of the disbursed funds.

39.     Mr. Garza is therefore entitled by statute to treble damages, costs, and attorney's fees

## VI.     FOURTH CLAIM FOR RELIEF FOR WILLFUL WITHHOLDING OF WAGES PURSUANT TO THE COLORADO WAGE CLAIM ACT, C.R.S. §§ 8-4-101 *ET SEQ*. (Against Defendant Western Stone)

40.     Mr. Garza incorporates by reference all previous paragraphs of his Complaint.

41.     Mr. Garza entered into an employment contract with Defendant Western Stone.

42.     Mr. Garza performed under the employment contract by providing services, including cutting stone, creating stone countertops and furniture, and generally working throughout the operation.

43.     Mr. Garza was not paid for some of the hours he worked, was not paid overtime for hours worked in excess of 40 in a week as required by state and federal law, and had wages illegally withheld pursuant to C.R.S. § 8-4-105 for rent.

44.     Mr. Garza's employment was terminated in 2013 and he is still owed these wages as of the date of this Complaint.

45.     Defendant Western Stone is therefore liable to Mr. Garza for unpaid wages, reasonable attorney's fees, and costs.

## VII.   FIFTH CLAIM FOR RELIEF FOR RECOVERY OF COLORADO OVERTIME UNDER C.R.S. § 8-6-118; C.C.R. § 7-1103–1
### (Against Defendant Western Stone)

46.     Mr. Garza incorporates by reference all previous paragraphs of his Complaint.

47.     Mr. Garza worked for Western Stone under an employment contract and Western Stone failed to pay Mr. Garza overtime and minimum wage pursuant to C.C.R. § 7-1103–1.

48.     Mr. Garza is therefore entitled to recover the unpaid Colorado overtime and minimum wage pursuant to C.R.S. § 8-6-118.

## VIII.       SIXTH CLAIM FOR RELIEF FOR BREACH OF CONTRACT
### (Against Defendant Western Stone)

49.     Mr. Garza incorporates by reference all previous paragraphs of his Complaint.

50.     Mr. Garza entered into the employment contract with Defendant Western Stone.

51.     The statutory requirements to only make legal payroll deductions (C.R.S. § 8-4-105), to pay minimum wage and overtime under the FLSA (29 U.S.C. §§ 201 *et seq.*), and to pay overtime and minimum wage under Colorado state laws and regulations (C.R.S. § 8-6-118; C.C.R. § 7-1103–1) were implied terms in the employment contract.

52.    By failing to pay Mr. Garza for all of the hours he worked, by making illegal payroll deductions, and by failing to pay overtime and minimum wage, Defendant Western Stone breached the employment contract and Mr. Garza suffered damages.

53.    Mr. Garza us therefore entitled to compensation for his damages, as well as attorney's fees pursuant to C.R.S. § 8-4-110.

## IX.    SEVENTH CLAIM FOR RELIEF IN QUASI CONTRACT
### (Against Defendant Western Stone)

54.    Mr. Garza incorporates by reference all previous paragraphs of his Complaint.

55.    Alternatively, if the employment contract fails, Mr. Garza is entitled to equitable relief against Defendant Western Stone under the doctrines of promissory estoppel, unjust enrichment, and *quantum meruit* because equity demands that the Mr. Garza be compensated for his justifiable reliance on Western Stone's promises, that Mr. Garza be compensated at the reasonable value of the services he provided, and that Western Stone be disgorged of its ill-gotten gains.

## X.    DEMAND FOR JURY TRIAL

56.    Plaintiff Garza demands a jury for all issues so triable.

## XI.    PRAYER FOR RELIEF

57.    Plaintiff Garza respectfully requests that this Court enter an order:

    a)    granting judgment in favor of Plaintiff Garza and against all Defendants;

    b)    awarding the Plaintiff his damages in contract or quasi-contract;

    c)    awarding the Plaintiff his unpaid minimum wage pursuant to state and federal law (29 U.S.C. §§ 201 *et seq.*; C.R.S. § 8-6-118; C.C.R. § 7-1103–1);

d)      awarding the Plaintiff his unpaid overtime pursuant to state and federal

law (29 U.S.C. §§ 201 *et seq.*; C.R.S. § 8-6-118; C.C.R. § 7-1103–1);

e)      awarding the Plaintiff liquidated damages pursuant to the FLSA (29

U.S.C. §§ 201 *et seq*);

f)      awarding the Plaintiff damages for fraudulently filed information returns

(26 U.S.C. § 7434);

g)      awarding the Plaintiff damages for his unpaid wages pursuant to Colorado

Statute (C.R.S. §§ 8-4-101 *et seq.*);

h)      awarding the Plaintiff damages for civil theft pursuant to Colorado Statute

(C.R.S. § 18-4-405);

i)      awarding the Plaintiff his costs;

j)      awarding the Plaintiff his attorney's fees under 29 U.S.C. § 216; 26 U.S.C.

§ 7434; C.R.S. § 8-4-110; and C.R.S. § 18-4-405;

k)      awarding the Plaintiff prejudgment and post-judgment interest; and

l)      granting such other relief as this Court deems just and proper.


Dated: 7/14/2014

                              Respectfully Submitted,

                              s/Alexander Hood
                              Alexander Hood
                              Towards Justice
                              601 16th St., Suite C #207
                              Golden, CO 80401
                              Tel.: 720-239-2606
                              Fax: 303-957-2289
                              Email: alex@towardsjustice.org

                              Attorney for the Plaintiff

Plaintiff's Address:
C/O Towards Justice
601 16th St., Suite C #207
Golden, CO 80401