IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Case No. 14-cv-01953-REB-BNB

ELOY GARZA,

Plaintiff,

v.

WESTERN STONE OF LYONS, LLC; and
PAUL W. FRYSIG,

Defendants.

_____

**ORDER**
_____

This matter arises on the plaintiff's **Motion to Strike Answer and Motion to Dismiss** [Doc. #29, filed 10/23/2014] (the "Motion"). The Motion is GRANTED IN PART and DENIED IN PART.

The plaintiff filed his Complaint on July 14, 2014. He names as defendants Western Stone of Lyons, LLC ("Western Stone"), and Paul Frysig. On October 9, 2014, Mr. Frysig filed a document titled "Responce" [Doc. #25] (the "Answer") and a Motion to Dismiss [Doc. #26] on behalf of both defendants. The plaintiff seeks an order striking the Answer and the Motion to Dismiss because they are improperly filed by Mr. Frysig.

The law is well established that corporations and limited liability companies may appear in court only through a lawyer who is a member of the bar of the court. Flora Const. Co. v. Fireman's Fund Ins. Co., 307 F.2d 413, 413-14 (10th Cir. 1962)(stating that "[t]he rule is well established that a corporation can appear in a court of record only by an attorney at law"); Wallic v. Owens-Corning Fiberglass Corp., 40 F. Supp. 2d 1185, 1188 (D. Colo. 1999)(holding that "a

corporate defendant . . . and a limited liability organization . . . [can] only appear by counsel admitted to the bar of this court"); and <u>Reeves v. Queen City Transportation, Inc.</u>, 10 F. Supp. 2d 1181, 1188 (D. Colo. 1998)(noting that "[i]t has been the law, for the better part of two centuries, that a corporation may appear in federal court only through a licensed attorney").  Consequently, Western Stone cannot proceed without representation, nor may Mr. Frysig--who is not a lawyer admitted to practice in this court--represent Western Stone.  Western Stone must be represented by a lawyer if it intends to defend this action, and any failure to engage counsel and defend the action may result in the entry of a default judgment against Western Stone and in favor of the plaintiff.

    IT IS ORDERED:

    (1)   The plaintiff's Motion to Strike Answer and Motion to Dismiss [Doc. #29] is GRANTED IN PART and DENIED IN PART;

    (2)   The Answer [Doc. #25] and the Motion to Dismiss [Doc. #26] are STRICKEN insofar as they are submitted on behalf of Western Stone; and

    (3)   Western Stone, through counsel, must answer or otherwise respond to the Complaint on or before **November 10, 2014**.

    Dated October 27, 2014.

                                         BY THE COURT:

                                         s/ Boyd N. Boland
                                         United States Magistrate Judge