IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Case No. 14-cv-01953-REB-BNB

ELOY GARZA,

Plaintiff,

v.

WESTERN STONE OF LYONS, LLC; and
PAUL W. FRYSIG,

Defendants.

_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

This matter arises on defendant Paul Frysig's **Motion to Dismiss** [Doc. #26, filed 10/09/2014] (the "Motion").[1]  I respectfully RECOMMEND that the Motion be DENIED.

The plaintiff filed his Complaint on July 14, 2014.  He asserts seven claims against his former employer.  In Claim One, the plaintiff asserts a violation of the Fair Labor Standards Act, claiming that he was not paid the required minimum wage and overtime from 2000 through 2013.  In Claim Two, he alleges that the defendants willfully filed fraudulent W-2 and W-3 forms with the Internal Revenue Service in violation of 26 U.S.C. § 7434.  His remaining claims are asserted under state law and include claims for breach of fiduciary duty and civil theft, willful withholding of wages in violation of the Colorado Wage Claim Act, recovery of Colorado overtime under C.R.S. § 8-6-118, breach of contract, and equitable relief in quasi contract.

---

[1] The Motion to Dismiss was stricken by separate order insofar as Mr. Frysig filed it on behalf of defendant Western Stone of Lyons, LLC.  The Motion to Dismiss remains extant to the extent it was filed on behalf of Mr. Frysig.

Mr. Frysig's Motion to Dismiss states in its entirety:[2]

> 1. Mr. Garza entered into a Contract with WESTERN STONE as a Salary employee with Exempt executive job duties, which included but not limited to  A. REGULARLY SUPERVISING TWO OR MORE OTHER EMPLOYEE'S.  B. MANAGEMENT OF THE CUTTING OF STONE AND THE TASK WITHIN THE STONE YARD AS HIS PRIMARY DUTY.  C. ON A REGULAR BASIC'S CONTROLLING IF A EMPLOYEE IS MEETING WITH EXPECTATION'S, ALSO TO DETERMINE IF A EMPLOYEE WAS TO BE HIRED OR FIRED.  CLEARLY MEETING COLORADO STATE STATUTE.  ON EXEMPT STATUS, AS A SALARY EMPLOYEE.

It is unclear from the Motion to Dismiss which claim(s) Mr. Frysig is seeking to dismiss or the bases for dismissal.  Moreover, Mr. Frysig relies on factual statements.  The statements are not supported by evidence, nor are they appropriately asserted in a motion to dismiss.  A motion to dismiss poses a legal challenge to the allegations of a complaint; it is not an evidentiary challenge.

I respectfully RECOMMEND that the Motion to Dismiss [Doc. #26] be DENIED.[3]

---

[2] I have quoted Mr. Frysig's Motion to Dismiss as written, without correction or acknowledgment of error.

[3] Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated October 27, 2014.

                                              BY THE COURT:

                                              s/ Boyd N. Boland
                                              United States Magistrate Judge