**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Case No. 14-cv-01953-REB-BNB

ELOY GARZA

    Plaintiffs,

v.

WESTERN STONE OF LYONS, LLC; and
PAUL W. FRYSIG

    Defendants.

# FIRST AMENDED COMPLAINT

COMES NOW, the above named Plaintiff, with the following Complaint:

The Plaintiff is amending as a matter of course pursuant to F.R.C.P. 15(a)(1)(B).

## I.     JURISDICTION, VENUE, AND PARTIES

1. This Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1331 (federal question) and supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's related claims under Colorado law.

2. Venue is proper pursuant to 28 U.S.C. § 1391. All Defendants are located in Colorado and the acts and omissions that are the subject of this complaint occurred in the District of Colorado.

3. At all times material to the allegations of the complaint, Plaintiff Eloy Garza has been domiciled in the District of Colorado.

4. At all times material to the allegations of the complaint, Defendant WESTERN STONE OF LYONS, LLC (hereinafter "Western Stone") has been a Colorado limited liability company with its principal place of business in the District of Colorado.

5. At all times material to the allegations of the complaint, the Defendant Paul W. Frysig has been domiciled in the District of Colorado.

## II. GENERAL ALLEGATIONS

6. Defendant Western Stone is located in Lyons, Colorado and claims to be one of the "leading suppliers of finished and unfinished stone products in the country."

7. It provides finished stone (*e.g.,* stone furniture and countertops), yard stone (*e.g.*, for patios, retaining walls, garden borders or firepits), and stone for incorporation into structures (*e.g.*, buildings, walls, and stairs).

8. In or around 2000 or 2001, Plaintiff Eloy Garza entered into an employment contract with Defendant Western Stone to work as an hourly employee.

9. The employment contract terminated in or about the summer of 2013.

10. Under the employment contract, Mr. Garza was involved in all aspects of Western Stone's work. He, among other things, cut stone, weighed stone, created stone countertops and furniture, and moved stone throughout the Western Stone's operation.

11. During Mr. Garza's entire employment with Western Stone, Defendant Frysig was a member, manager, and agent of Defendant Western Stone.

12. Defendant Frysig controlled all aspects of Defendant Western Stone's operations. He was the self-proclaimed owner of Western Stone, signed Mr. Garza's pay checks, hired Mr. Garza, fired Mr. Garza, controlled when, where, and how Defendant Garza worked, and controlled Mr. Garza's employment records.

13. Mr. Garza frequently worked more than 40 hours in a week and was never paid any overtime. The Plaintiff has not retained all of his pay stubs, but he has retained some. Pay stubs reflecting the failure to pay overtime are attached as Exhibits A-C. It is an employer's burden to maintain records of hours worked, but, absent Western Stone maintaining its records, the pay stubs the Plaintiff does have are indicative of the amount of hours he worked throughout his employment with Defendants.

14. Mr. Garza was also not paid at all for some of the hours he worked and had pay illegally withheld from his paychecks for rent, as throughout the employment contract Mr. Garza and his family lived on the same real property where Defendant Western Stone is located., but at least one pay stub he has retained reflects the deduction of rent from gross pay. It is attached as Exhibit C.

15. Mr. Garza did not agree in writing to have this money deducted from his pay for rent.

16. Defendants Western Stone and Frysig also fraudulently misreported Mr. Garza's earnings to the IRS by, among other ways, intentionally and fraudulently underreporting his wages on W-2 and W-3 forms.

### III. FIRST CLAIM FOR RELIEF FOR BREACH OF THE FAIR LABOR STANDARDS ACT (FLSA) 29 U.S.C. §§ 201 *ET SEQ.*
**(Against all Defendants)**

17. Mr. Garza incorporates by reference all previous paragraphs of his Complaint.

18. Western Stone entered into the employment contract with Mr. Garza and therefore Mr. Garza was an "employee" as that term is defined by the FLSA at 29 U.S.C § 203(e).

19. Defendant Frysig also employed Mr. Garza pursuant to 29 U.S.C. § 203(d) because he acted directly or indirectly in the interest of Western Stone in relation to Mr. Garza, by, among other things, controlling when, where, and how Mr. Garza worked; controlling the specific terms of Mr. Garza's employment relationship with Western Stone, including the rate of pay and Mr.

3

Garza's tenancy; hiring Mr. Garza; firing Mr. Garza; paying Mr. Garza; and controlling Mr. Garza's employment records.

20. By information and belief, based on the size of Defendant Western Stone's operations and the cost of the materials used by Western Stone, Western Stone had annual revenues in excess of $500,000 during the Plaintiff's entire employment.

21. During the entire employment of the Plaintiff, Western Stone had two or more employees that handled goods or materials that had been moved in or produced for interstate commerce, including computers, stone cutting tools, and the stone products it produced.

22. During his entire employment, Mr. Garza was engaged in the production of goods for commerce pursuant to 29 U.S.C. § 203(b) because the stone that he cut and otherwise worked with, and the stone products he created (including countertops and stone furniture), moved, or could reasonably be expected to move, in interstate commerce. Defendant Western Stone's website claims "[o]ur unique products have been used in many showcase homes and landscapes throughout the world" and "[o]ut-of-state deliveries are shipped using either UPS, DHL, Yellow Freight or Brokered Freight."

23. As the employers of Mr. Garza, the Defendants were required to pay Mr. Garza minimum wage and overtime pursuant to 29 U.S.C. §§ 206-207 and failed to do so. Instead, they did not pay him for all of the hours he worked and only paid him his regular hourly rate for hours in excess of 40 in a week.

24. Though Mr. Garza disputes that the paystubs provided to him understate the actual hours he worked, even they show a failure to pay overtime. Every paystub, regardless of hours worked, only reflects straight time for hours worked in excess of 40 rather than overtime. For example, for the first 15 days of June 2013, Mr. Garza's paystub reflects 108 hours worked at $16.50/hr,

4

with a gross wage of $1,782.00. According to the pay stub, Mr. Garza only received 1 day off during this period. For last 15 days of June 2013, Mr. Garza's paystub reflects 96 hours worked at $16.50/hr, with a gross wage of $1,584.00. *See* Ex. A.

25. Similarly, for the first 15 days of August 2013, Mr. Garza's paystub reflects 104.5 hours worked at $16.50/hr, with a gross wage of $1,724.25. For the last 16 days of August 2013, Mr. Garza's paystub reflects 95.5 hours worked at $16.50/hr, with a gross wage of $1,575.75. This paystub again shows Mr. Garza working 6 days a week at 8 or more hours a day with no overtime. *See* Ex. B.

26. The failure to pay overtime was willful pursuant to 29 U.S.C. § 255(a) because the Defendants knew or showed reckless disregard for the fact that Mr. Garza was covered by the FLSA and therefore entitled to minimum wage and overtime because, among other reasons, they failed to inquire with the appropriate authorities regarding Mr. Garza's status as exempt or not exempt under the FLSA for overtime, they knew Mr. Garza worked more hours than he was paid for, and they knew that Mr. Garza was paid straight time for hours worked in excess of 40. The Defendants ordered Mr. Garza to work the hours he worked and simultaneously underpaid him for those hours.

27. Mr. Garza is therefore entitled to the following pursuant to 29 U.S.C. § 216: unpaid overtime, unpaid minimum wage, statutory liquidated damages, reasonable attorney's fees, and costs.

**IV.     SECOND CLAIM FOR RELIEF FOR WILLFULLY FILING FRAUDULANT INFORMATION RETURNS PURSUANT TO 26 U.S.C. § 7434**
**(Against all Defendants)**

28. Mr. Garza incorporates by reference all previous paragraphs of his Complaint

29. The Defendants filed fraudulent W2 and, by information and belief based on the W2s the Plaintiff received, W3 forms with the IRS that misreported payments to Mr. Garza.

30. Mr. Garza received a handwritten W-2 for 2012 stating that he earned $17,848.88 in 2012. The W2 is attached as Exhibit D. Accounting records from Western Stone provided to Mr. Garza by Western Stone's accountant indicate that he was paid at least $20,512.70 during the period of 5/15/2012 to 12/18/2012. The accounting records are attached as Exhibit E. Similar discrepancies occurred throughout Mr. Garza's employment due to Defendants frequently paying Mr. Garza in cash to avoid FICA tax and withholding obligations, deducting rent from his pay without including the deducted rent in gross wages for the purposes of payroll deductions, and sometimes paying Mr. Garza with checks without withholding any money for FICA or income taxes.

31. The filings are willful and fraudulent because the Defendants knew that Mr. Garza received more in wages than was reported in the forms provided to the IRS because they paid Plaintiff Garza and maintained separate accounting records showing the discrepancy. Moreover, the Defendants were able to avoid paying state and federal taxes and avoid withholding by fraudulently under-reporting wages paid to Mr. Garza.

32. Pursuant to 26 U.S.C. § 7434, "[i]f any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return."

33. Pursuant to 26 U.S.C. § 7434, Mr. Garza is entitled to damages of at least $5000 per fraudulent return and attorney's fees.

## V. THIRD CLAIM FOR RELIEF FOR BREACH OF FIDUCIARY DUTY AND CIVIL THEFT UNDER THE COLORADO TRUST FUND ACT C.R.S. §§ 38-22-127, 18-4-401, 18-4-405
**(Against all Defendants)**

34. Mr. Garza incorporates by reference all previous paragraphs of his Complaint.

35. Western Stone entered into the employment contract with Mr. Garza.

36. Under the employment contract, Mr. Garza performed labor improving real properties located in Colorado and was not paid at all for some of this work and was never paid overtime. The improvements worked on by Mr. Garza included countertops, stone incorporated into buildings, and stone used in landscaping.

37. Funds were disbursed to Western Stone by Western Stones customers as payment for labor performed by Mr. Garza on the improvements and, as such, Defendants have a fiduciary duty to Mr. Garza pursuant to C.R.S. § 38-22-127.

38. Upon information and belief, based on the length of time between some of the disbursals (Mr. Garza was employed for over 10 years) and the fact that Mr. Garza is owed unpaid and illegally withheld wages from throughout his employment, Western Stone failed to use the funds disbursed for Mr. Garza's work to pay Mr. Garza and failed to hold the disbursed funds in trust for Mr. Garza. This constituted a breach or breaches of fiduciary duty and civil theft pursuant to C.R.S. §§ 38-22-127, 18-4-401, 18-4-405.

39. At all times relevant to this Complaint, Defendant Frysig was in complete control of the finances and financial decisions of Defendant Western Stone because, among other reasons, he was the self-proclaimed "owner" of Western Stone and managed the businesses finances, including payments to Mr. Garza and other workers and suppliers. Defendant Frysig signed Mr. Garza's pay checks and pay stubs. As a result, Defendant Frysig is individually liable for the breach of fiduciary duty and civil theft.

40. By information and belief, based on the length of time since disbursals occurred and the fact that Mr Garza is still owed unpaid wages, Defendants intended to permanently deprive Mr. Garza of the disbursed funds they received for Mr. Garza's work or used the disbursed funds in a manner practically certain to deprive Mr. Garza of the disbursed funds.

41. Mr. Garza is therefore entitled by statute to treble damages, costs, and attorney's fees.

**VI. FOURTH CLAIM FOR RELIEF FOR WILLFUL WITHHOLDING OF WAGES PURSUANT TO THE COLORADO WAGE CLAIM ACT, C.R.S. §§ 8-4-101 *ET SEQ*.**
**(Against Defendant Western Stone)**

42. Mr. Garza incorporates by reference all previous paragraphs of his Complaint.

43. Mr. Garza entered into an employment contract with Defendant Western Stone to provide services in exchange for hourly pay. *See* Exs. A-C.

44. Mr. Garza performed under the employment contract by providing services, including cutting stone, creating stone countertops and furniture, and generally working throughout the operation.

45. Mr. Garza was not paid for some of the hours he worked, was not paid overtime for hours worked in excess of 40 in a week as required by state and federal law, and had wages illegally withheld pursuant to C.R.S. § 8-4-105 for rent. *See* Exs. A-C.

46. Mr. Garza's employment was terminated in 2013 and he is still owed these wages as of the date of this Complaint.

47. Defendant Western Stone is therefore liable to Mr. Garza for unpaid wages, reasonable attorney's fees, and costs.

**VII. FIFTH CLAIM FOR RELIEF FOR RECOVERY OF COLORADO OVERTIME UNDER C.R.S. § 8-6-118; C.C.R. § 7-1103–1**
**(Against Defendant Western Stone)**

48. Mr. Garza incorporates by reference all previous paragraphs of his Complaint.

49. Mr. Garza worked for Western Stone under an employment contract and Western Stone failed to pay Mr. Garza overtime and minimum wage pursuant to C.C.R. § 7-1103–1. *See, e.g.,* Exs. A-C.

50. Mr. Garza is therefore entitled to recover the unpaid Colorado overtime and minimum wage pursuant to C.R.S. § 8-6-118.

## VIII. SIXTH CLAIM FOR RELIEF FOR BREACH OF CONTRACT
### (Against Defendant Western Stone)

51. Mr. Garza incorporates by reference all previous paragraphs of his Complaint.

52. Mr. Garza entered into the employment contract with Defendant Western Stone to be paid an amount certain for each hour he worked. *See* Exs. A, B (reflecting an hourly employment contract for $16.50 per hour).

53. The statutory requirements to only make legal payroll deductions (C.R.S. § 8-4-105), to pay minimum wage and overtime under the FLSA (29 U.S.C. §§ 201 *et seq.*), and to pay overtime and minimum wage under Colorado state laws and regulations (C.R.S. § 8-6-118; C.C.R. § 7-1103–1) were implied terms in the employment contract.

54. By failing to pay Mr. Garza for all of the hours he worked, by making illegal payroll deductions (*e.g.*, for rent), and by failing to pay overtime and minimum wage (*See* Exs. A and B), Defendant Western Stone breached the employment contract and Mr. Garza suffered damages.

55. Mr. Garza us therefore entitled to compensation for his damages, as well as attorney's fees pursuant to C.R.S. § 8-4-110.

## IX. SEVENTH CLAIM FOR UNJUST ENRICHMENT OR QUANTUM MERUIT
### (Against Defendant Western Stone and in the Alternative to Plaintiff's Sixth Claim for Relief for Breach of Contract)

56. Mr. Garza incorporates by reference all previous paragraphs of his Complaint.

57. A benefit was conferred on Defendant Western Stone by Mr. Garza because Mr. Garza performed services for Defendant Western Stone and Defendant Western Stone failed to pay Mr. Garza for some of the hours he worked and failed to pay Mr. Garza in conformance with state and federal law, including failing to pay overtime wages for hours worked in excess of 40 in a week and illegally deducting wages from Mr. Garza's pay for rent.

58. The benefit was appreciated by Defendant Western Stone because Defendant Western Stone retained the benefit of Mr. Garza's services without paying him at all for some of the services and, in violation of state and federal law, failing to pay him overtime for hours worked by Mr Garza in excess of 40 in a week and illegally withholding wages for rent.

59. The benefits of Mr. Garza's uncompensated and under-compensated work was accepted by Defendant Western Stone under such circumstances that it would be inequitable for the benefits to be retained without payment of the benefits' value because absent disgorging Defendant Western Stone of the benefits of Mr. Garza's uncompensated and under-compensated labor, Western Stone would be retaining the benefit of the labor and retaining the benefit of not following state and federal law – including the failure to pay overtime and minimum wage, and illegally deducting wages --, while Mr. Garza is left unpaid.

60. Defendant Western Stone should be disgorged of the benefits it received from Mr. Garza's work and Mr. Garza should be compensated at the reasonable value of the services he provided.

## X. SEVENTH CLAIM FOR PROMMISORY ESTOPPEL
**(Against Defendant Western Stone and in the Alternative to Plaintiff's Sixth Claim for Relief for Breach of Contract)**

61. Mr. Garza incorporates by reference all previous paragraphs of his Complaint.

62. Defendant Western Stone promised to pay Mr. Garza for each and every hour he worked and expressly or impliedly promised to pay him in conformance with all state and federal laws, including requirements for minimum wage, overtime, and deducting wages.

63. Defendant Western Stone should have reasonably believed that these promises would be relied on by Mr. Garza because it made the promises to Mr. Garza in order to induce Mr. Garza to perform work for Defendant Western Stone.

64. Mr. Garza reasonably relied on the promises because in providing services for someone workers rightly assumes that they will be paid any hourly wage promised and that all state and federal laws will be complied with in making the payments.

65. The promise was relied on to Mr. Garza's detriment because he was not paid for each hour he worked for Defendant Western Stone, he was not paid overtime required by state and federal law for hours worked in excess of 40 in a week, and wages were illegally deducted for rent.

66. The circumstances are such that injustice can be avoided only by enforcement of the promises because, absent enforcing the promises, Western Stone would retain the benefit of uncompensated labor and retain the benefit of not following state and federal law – including the failure to pay overtime, minimum wage, and illegally withholding wages --, while Mr. Garza goes uncompensated and undercompensated for the labor he performed

67. As a result of Western Stone not fulfilling its promises to Mr. Garza, Mr. Garza suffered damages.

## XI. DEMAND FOR JURY TRIAL

68. Plaintiff Garza demands a jury for all issues so triable.

## XII. PRAYER FOR RELIEF

69. Plaintiff Garza respectfully requests that this Court enter an order:

    a) granting judgment in favor of Plaintiff Garza and against all Defendants;

    b) awarding the Plaintiff his damages in contract or, alternatively, unjust enrichment, quantum meruit, and promissory estoppel;

    c) awarding the Plaintiff his unpaid minimum wage pursuant to state and federal law (29 U.S.C. §§ 201 *et seq.*; C.R.S. § 8-6-118; C.C.R. § 7-1103–1);

d) awarding the Plaintiff his unpaid overtime pursuant to state and federal law (29 U.S.C. §§ 201 *et seq.*; C.R.S. § 8-6-118; C.C.R. § 7-1103–1);

e) awarding the Plaintiff liquidated damages pursuant to the FLSA (29 U.S.C. §§ 201 *et seq*);

f) awarding the Plaintiff damages for fraudulently filed information returns (26 U.S.C. § 7434);

g) awarding the Plaintiff damages for his unpaid wages pursuant to Colorado Statute (C.R.S. §§ 8-4-101 *et seq.*);

h) awarding the Plaintiff damages for civil theft pursuant to Colorado Statute (C.R.S. § 18-4-405);

i) awarding the Plaintiff his costs;

j) awarding the Plaintiff his attorney's fees under 29 U.S.C. § 216; 26 U.S.C. § 7434; C.R.S. § 8-4-110; and C.R.S. § 18-4-405;

k) awarding the Plaintiff prejudgment and post-judgment interest; and

l) granting such other relief as this Court deems just and proper.

Dated: 12/12/2014

Respectfully Submitted,

s/Alexander Hood_____
Alexander Hood
Towards Justice
601 16th St., Suite C #207
Golden, CO 80401
Tel.: 720-239-2606
Fax: 303-957-2289
Email: alex@towardsjustice.org

Attorney for the Plaintiff

Plaintiff's Address:
C/O Towards Justice
601 16th St., Suite C #207
Golden, CO 80401

**Certificate of Service**

       I hereby certify that on 12/12/14, I served a true and correct copy of the forgoing on the individuals below pursuant to F.R.C.P. 5.

Attorney for Defendants:
Thomas Joseph West

                                                     <u>s/ Alexander Hood</u>
                                                     Alexander Hood