**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 14-cv-01953-REB-NYW

ELOY GARZA,

      Plaintiff,

v

WESTERN STONE OF LYONS, LLC,
PAUL W. FRYSIG,

      Defendants.

---

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
---

Magistrate Judge Nina Y. Wang

This matter comes before the court on the Motion to Dismiss First Amended Complaint ("Motion") filed by Defendants Western Stone of Lyons, LLC ("Western Stone") and Paul W. Frysig ("Frysig") (collectively, the "Defendants") on December 29, 2014 (the "Motion") [#45]. Pursuant to the Order of Reference [#15] dated October 21, 2014, the Order Referring Motion [#46] dated December 31, 2015, and the Reassignment [#49] dated February 10, 2015, the Motion was referred for recommendation to this Magistrate Judge. The court has carefully considered the motions and related briefing, and the applicable case law. For the following reasons, I respectfully RECOMMEND that Defendants' Motion be DENIED.

**BACKGROUND**

**I.**    **Plaintiffs' Complaint**

Plaintiff Eloy Garza ("Plaintiff" or "Mr. Garza") filed his original complaint in this matter on July 14, 2014. [#1]. On December 12, 2014, Plaintiff amended his complaint as a

1

matter of course pursuant to Fed. R. Civ. P. 15 (a)(1)(B). [#42] ("First Amended Complaint"). The following is a summary and recitation of the allegations contained in Plaintiff's First Amended Complaint, which are presumed to be true insofar as Defendants' Motion seeks dismissal for failure to state a claim and/or for failure to state sufficiently plausible jurisdictional allegations.

Plaintiff Eloy Garza is a Colorado resident who "[i]n or around 2000 or 2001" entered into an employment contract with Western Stone. [#42 at ¶¶ 3, 8]. The employment relationship came to an end "in or about the summer of 2013." [*Id.* at ¶ 9]. Western Stone has claimed that it is one of the "leading suppliers of finished and unfinished stone products in the country." [*Id.* at ¶ 6]. In that capacity, Western Stone "provides finished stone (*e.g.*, stone furniture and countertops), yard stone (*e.g.*, for patios, retaining walls, garden borders or firepits), and stone for incorporation into structures (*e.g.*, buildings, walls, and stairs)." [*Id.* at ¶ 7]. As a Western Stone employee, Mr. Garza "cut stone, weighed stone, created stone countertops and furniture, and moved stone throughout the Western Stone's operation." [*Id.* at ¶ 10].

The finished and unfinished stone products Mr. Garza helped manufacture "moved, or could reasonably be expected to move, in interstate commerce." [*Id.* at ¶ 22]. Accordingly, at one point, Western Stone's website claimed that its "unique products have been used in many showcase homes and landscapes throughout the world," and that "[o]ut-of-state deliveries are shipped using either UPS, DHL, Yellow Freight or Brokered Freight." [*Id.*]. On the basis of "information and belief," Plaintiff alleges that, "based on the size of Defendant Western Stone's operations and the cost of the materials used by Western Stone, Western Stone had annual revenues in excess of $500,000 during the Plaintiff's entire employment." [*Id.* at ¶ 20].

Throughout the course of Mr. Garza's employment at Western Stone, "Defendant Frysig was a member, manager, and agent of Defendant Western Stone." [*Id.* at ¶ 11]. According to the Complaint, Western Stone and Mr. Frysig failed to pay Plaintiff overtime as required by applicable federal and state law, illegally withheld a portion of Plaintiff's earnings for rent, and "fraudulently misreported Mr. Garza's earnings to the IRS." [*Id.* at ¶¶ 13-16].

Based on these and other allegations, Plaintiff's First Amended Complaint asserts federal claims under the Fair Labor Standards Act ("FLSA") and for willful filing of fraudulent information returns pursuant to 26 U.S.C. § 7434. [Plaintiff also brings a number of related state law claims for breach of fiduciary duty and civil theft under the Colorado Trust Fund Act; willful withholding of wages in violation of the Colorado Wage Claim Act; recovery of overtime pay under the Colorado Wage Protection Act and the Wage Protection Act Rules promulgated by the Colorado Department of Labor and Employment, Division of Labor; breach of contract, or in alternative, promissory estoppel; and unjust enrichment or quantum meruit. Defendants contend that the court lacks subject matter jurisdiction over Plaintiff's FLSA and 26 U.S.C. § 7434 claims, and accordingly may not exercise supplemental jurisdiction over the state law claims.]

## ANALYSIS

### I.  Standard of Review

#### A.  Subject Matter Jurisdiction

Challenges to a court's subject matter jurisdiction may take two forms: facial or factual. Facial attacks concern the sufficiency of a complaint as pled. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995) (citation omitted). In reviewing whether a complaint has pled sufficient facts to support subject matter jurisdiction on its face, the court accepts the allegations in the complaint as true. *Id.* When a party's Rule 12(b)(1) motion challenges the facts upon

which subject matter depends, "a district court may not presume the truthfulness of the complaint's factual allegations." *Sizova v. Nat'l Inst. of Standards & Tech.*, 282 F.3d 1320, 1324 (10th Cir. 2002) (citation and quotations omitted). Instead, the court has "wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." *Holt*, 46 F.3d at 1003. Reliance on evidence outside the pleadings in addressing such a motion does not, as a general rule, convert the motion to one for summary judgment under Rule 56. *Id.* (citation omitted).

The Tenth Circuit "recognize[s] an exception to this general rule, where the 'jurisdictional question is intertwined with the merits of the case.'" *Sizova*, 282 F.3d at 1324 (quoting *Wheeler v. Hurdman*, 825 F.3d 257, 259 (10th Cir. 1987)). In determining whether the jurisdictional question is intertwined with the merits of Plaintiffs' case, the court inquires "whether the resolution of the jurisdictional question requires resolution of an aspect of the substantive claim." *Sizova*, 282 F.3d at 1324. Similarly, when a party challenges a nonjurisdictional element of relief under applicable federal law, the court may properly convert the motion to dismiss for lack of subject matter jurisdiction to one for failure to state a claim pursuant to Rule 12(b)(6). *See e.g.*, *U.S. ex rel. Saunders v. Unisys Corp.*, No. 1:12–cv–00379 (GBL/TCB), 2014 WL 1165869, at *5 (E.D. Va. Mar. 21, 2014). Under these circumstances, the court must convert a Rule 12(b)(1) motion to dismiss into a Rule 12(b)(6) motion to dismiss or a Rule 56 motion for summary judgment. *Holt*, 46 F.3d at 1003.

    **B.**    **Failure to State a Cognizable Claim.**

The standard under Rule 12(b)(6) is well-known. A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding such a motion, the court must "'accept as true all well pleaded factual allegations … and view

these allegations in the light most favorable to the plaintiff.'" *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010). (quoting *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009)). However, a plaintiff may not rely on mere labels or conclusions in his pleadings, "and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*Twombly*). Instead, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (*Iqbal*). As the Tenth Circuit explained in *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007), "the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." The plaintiff must frame a complaint with enough factual matter, when taken as true, to suggest that he or she is entitled to relief. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556). The ultimate duty of the court is to "determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007).

**II.     FLSA Claim**

As an initial matter, the court considers whether Defendants' Motion with respect to Mr. Garza's claim for an FLSA violation is appropriately postured as a challenge to subject matter jurisdiction. Defendants seek dismissal of Plaintiff's FLSA claim, arguing that Western Stone is not engaged in interstate commerce, and because its annual gross revenues are well below the $500,000 threshold, elements which it characterizes as "jurisdictional." [#45 at 4]. Defendants also argue that Mr. Garza cannot proceed under the FLSA under the individual coverage

provisions because he did not engage in interstate commerce as part of his job duties. [*Id.*] Defendants urge the court to look past the pleadings to the affidavit of Paul W. Frysig, the owner of Western Stone, submitted in support of the Motion ("Frysig Affidavit") that attests that Western Stone and Mr. Garza did not engage in interstate commerce and Western Stone's annual gross revenues are below $500,000. [#45 at 4].

Mr. Garza argues that a challenge to individual or enterprise coverage under the FLSA is non-jurisdictional. [#47 at 7]. I respectfully agree. In the context of analogous coverage requirements applicable to Title VII claims, the Supreme Court has held that, in instances where "Congress does not [clearly state that] a statutory limitation on coverage [is] jurisdictional, courts should treat the restriction as nonjurisdictional in character." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 515-16 (2006). Accordingly, after *Arbaugh*, district courts have repeatedly held that the FLSA's coverage requirements are nonjurisdictional. Courts across the country, including those in the Tenth Circuit, have consistently held that the question of whether individual or enterprise coverage applies is an element of a plaintiff's FLSA claim rather than a jurisdictional prerequisite. *See, e.g.*, *Velez v. Vassallo,* 203 F. Supp. 2d 312, 330 (S.D.N.Y. 2002); *Holland v. DA Tencil, Inc. et al.*, No. 3:14–CV–86, 2014 WL 3588520, *2 (S.D. Tex. July 21, 2014) ("Given the similarity between the FLSA's gross-sales requirement [as to "enterprise" coverage] and Title VII's fifteen-employee requirement, the same result is warranted here."); *Lopez–Santiago v. Coconut Thai Grill*, No. 3:13–CV–4268–D, 2014 WL 840052, *3 (N.D. Tex. Mar. 4. 2014) ("[T]he FLSA provisions addressing enterprise coverage contain no language suggesting that the limitation on coverage is jurisdictional. . . . in the absence of such language, the court must treat enterprise coverage as an element of plaintiffs' claim rather than a jurisdictional prerequisite.") (internal quotation marks and citations omitted)); *Hernandez v. Art Deco*

*Supermkt.*, No. 13–20705–CIV, 2013 WL 5532828, *2 (S.D. Fla. Oct. 4, 2013) (holding that the "interstate commerce requirements underlying both the individual and enterprise coverage claims are elements of the cause of action, not jurisdictional prerequisites"); *Johnson v. Pleasant Green Missionary Baptist Church, Inc.*, No. 02-2493-JTM, 2013 WL 183735, *2 (D. Kan. Jan. 17, 2013) (citing *Butler v. Source Unlimited*, Case No. CIV-10-572-M, 2010 WL 3515707 (W.D. Okla. Sept. 2, 2010)); *Branham v. Halsted Home Rental, LLC,* No. CIV-07-1133-M, 2008 WL 1745825, *2 (W.D. Okla. Apr. 11, 2008).

Defendants insist that the court can consider the Frysig Affidavit without converting the Motion to one for summary judgment. [#48 at 4]. I respectfully disagree. *See Glunt v. Gatsby Entertainment, Inc.*, Civil Action No. 13-cv-02773-CMA-MJW, 2014 WL 536956, * 2 (D. Colo. Feb. 7, 2014) (finding that the issue of enterprise liability is intertwined with the merits, and therefore, must be considered under a summary judgment standard). And at this juncture, before any discovery has occurred on facts that appear to be in the possession of Defendants, summary judgment seems premature. Accordingly, I recommend finding that Defendants' Motion should be reviewed as a nonjurisdictional merits-based challenge to Plaintiff's FLSA claim, and I apply the Rule 12(b)(6) standard to Plaintiff's FLSA claim.

### A. Individual Coverage Under the FLSA

The applicable minimum wage and overtime provisions of the FLSA apply to any employee "who in any workweek is engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 206(a) & 207(a)(1). On a plain reading of the relevant statutory language, this is a disjunctive requirement, such that an employee who participates in the "production of goods for commerce" comes within the scope of the FLSA's "individual" coverage provisions—even if the employee himself is not "engaged in commerce" within the

meaning of the FLSA.  Under the FLSA, an employee is deemed to be "engaged in the production of goods if such employee was employed in producing, manufacturing, mining, handling, transporting, or in any other manner working on such goods, or in any closely related process or occupation directly essential to the production thereof, in any State." 29 U.S.C. § 203(j).  Accordingly, in *Mitchell v. Central Produce Co.*, the Sixth Circuit found that an employee who worked as a night watchman for a fruit wholesaler that made 10% of its sales to out-of-state customers was engaged in the production of goods for commerce.  239 F.2d 377, 379 (6th Cir. 1956).  Moreover, the "for commerce" requirement is prospective, such that goods "are produced for commerce" within the meaning of the FLSA "where the employer intends, hopes, expects, or has reason to believe that the goods or any unsegregated part of them will move (in the same or in an altered form or as a part or ingredient of other goods)" in interstate commerce. 29 C.F.R. § 776.21; *see also D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 121 (1946) (relevant standard is whether producers had "reasonable grounds to anticipate that material quantities of their production would move interstate"); *Mabee v. White Plains Publishing Co.*, 327 U.S. 178, 180–81 (1946) (finding that FLSA applies to newspaper with a circulation of between 9,000 to 11,000 copies where one-half of one percent of copies circulated out of state).

Plaintiff's alleges that he "cut stone, weighed stone, created stone countertops and furniture, and moved stone throughout the Western Stone's operation," [#42 at ¶ 10] and that the goods or materials including the stone cutting tools and the stone products produced were moved in or were produced for interstate commerce [*id.* at ¶¶ 21-22].  Taken together with the allegations that Western Stone represented on its website that it accepted out-of-state orders and that its "unique products have been used in many showcase homes and landscapes throughout the

8

world," [*id.* at ¶ 22], the court finds that Plaintiff has pleaded sufficient facts at this stage to support individual coverage.

        **B.**      **Enterprise Coverage**

Even if Plaintiff failed to state allegations sufficient to support "individual coverage" under the FLSA, his Complaint would still survive a pleadings challenge if it included sufficient allegations underlying enterprise coverage. 26 U.S.C. § 203(s)(1). Enterprise coverage applies if the employer has multiple employees (even employees other than the plaintiff himself or herself) engaged in commerce *or* the production of goods for commerce, and "is an enterprise whose annual gross volume of sales made or business done is not less than $500,000." *Id.*

For essentially the same reasons noted above, I find that Plaintiff has properly pled that Western Stone employed individuals engaged in the production of goods for commerce. [#42 at ¶¶ 21-22]. The question whether Plaintiff's allegations as to the "gross volume or sales made or business done" are sufficient is closer. Upon review of the case law, I agree with the trial courts that have found that alleging sales in excess of $500,000 suffices, even if the remaining allegations in a plaintiff's complaint to support the amount claimed are relatively sparse at the pleadings stage. *See, e.g.*, *Jackson v. Computer Confidence, Inc.*, 2010 WL 681228, at *4 (W.D.N.Y. Feb. 23, 2010) ("Viewing all factual allegations in the Amended Complaint as true, I deny defendants' motion to dismiss. Plaintiffs allege they are covered under the FLSA based on information and belief that defendant has annual gross sales of not less than $500,000 and that plaintiffs are individually covered because of their 'regular use of the instrumentalities of commerce.'"). Accordingly, should the court reach the issue, I recommend finding that Plaintiff has sufficiently pled enterprise coverage in support of his FLSA claim.

### III.     Plaintiff's 26 U.S.C. § 7434 Claim

Defendants' only contention that the court lacks jurisdiction over Plaintiff's 26 U.S.C. § 7434 claim is again based on the fact that Western Stone purportedly does not ship its products in interstate commerce, and therefore, Western Stone is not subject to Congress' Commerce Clause Authority. [#45 at 12-13]. First, nothing within the statute suggests that the statute requires that Western Stone be engaged in interstate commerce for the court to invoke federal question jurisdiction. 26 U.S.C. § 7434. *See Williams v. Western Laundry Equip. LLC v. Williams*, No. CIV-06-0569-JB/RLP, 2006 WL 4061164, *9 (D.N.M. Nov. 21, 2006) (agreeing that the court had original federal-question jurisdiction over the statutory claim based on 26 U.S.C. § 7434).

Though it is not entirely clear, to the extent that Defendants are arguing enforcement of that provision as to the Defendants would exceed Congress's constitutional grant of authority under the Commerce Clause, they cite no authority that such a challenge would divest the court of jurisdiction. [#45 at 12-13]. Moreover, as the Tenth Circuit has previously explained in addressing a similar Commerce Clause-based challenge to Congress's authority to regulate purportedly local conduct, provisions of "the Internal Revenue Code" are authorized "not by the Commerce Clause, but by the taxing provisions of the Constitution." *U.S. v. Boos*, 166 F.3d 1222, 1999 WL 12741, at *1 (10th Cir. 1999) (citing *inter alia United States v. Lawson*, 670 F.2d 923, 927 (10th Cir. 1982) (congressional power to tax "embraces all conceivable powers of taxation"). In any case, I note that Defendants abandoned this argument in their Reply, and I have found no authority to recommend that the court dismiss Plaintiff's 26 U.S.C. § 7434 based on lack of subject matter jurisdiction. In addition, because I find that the court has subject matter

jurisdiction over the federal claims, I conclude that there is no independent basis (and Defendants have provided none) to dismiss Plaintiff's pendant state law claims.

## CONCLUSION

In making this Recommendation, the court does not pass on whether any of Plaintiff's claims may survive summary judgment or whether Mr. Garza can ultimately prevail. Consistent with the reasons set forth herein, I respectfully RECOMMEND that Defendants' Motion to Dismiss First Amended Complaint be DENIED in its entirety.[1]

DATED: June 24, 2015

BY THE COURT:

/s/ Nina Y. Wang_____
United States Magistrate Judge

---

[1] Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see*, *Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).