# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Case No. 14-cv-01953-REB-NYW

ELOY GARZA

    Plaintiff,

v.

WESTERN STONE OF LYONS, LLC; and
PAUL W. FRYSIG

    Defendants.

---

## ~~PROPOSED~~ CIVIL SCHEDULING ORDER

---

### 1. DATE OF CONFERENCE

### AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

**Date:** ~~September 16~~<ins>October 8</ins>, 2015

**Attorney for Plaintiff:**

**Alexander Hood**
**Towards Justice**
**1535 High Street, Suite 300**
**Denver, CO 80218**
**Tel: 720-239-2606**
**Fax: 303-957-2289**
**Email: alex@towardsjustice.org**

**Attorney for Defendants:**

~~**Thomas West**~~

~~West Venture Law~~
~~1500 Pearl Street, Suite 301~~
~~Boulder, CO 80302~~
~~Tel: 303-408-4862~~
~~Email: tommy@westventurelaw.com~~

<u>Peter J. Walters</u>
<u>Smittkamp & Walters, P.C.</u>
<u>75 Manhattan Drive</u>
<u>Suite 204</u>
<u>Boulder, CO 80303</u>
<u>303-494-4244</u>

## 2. STATEMENT OF JURISDICTION

Plaintiff alleges that this Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1331 (federal question) and supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's related claims under state law.

Defendants allege that this Court does not have subject matter jurisdiction over Plaintiff's FLSA claim because Defendant is not engaged in interstate commerce, and Defendants fit into the seasonal business exception under FLSA.

## 3. STATEMENT OF CLAIMS AND DEFENSES

### a. <u>Plaintiff:</u>

For damages arising from Defendants' failure to pay wages owed to Plaintiff, Plaintiff brings claims for violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201, *et seq.*, for breach of fiduciary duty and civil theft under the Colorado Trust Fund Act, C.R.S. §§ 38-22-127, 18-4-401, 18-4-405, for willful withholding of wages

2

under the Colorado Wage Claims Act, §§ 8-4-101, *et seq.*, for failure to pay overtime and minimum wage under Colorado wage-and-hour protections, C.R.S. § 8-6-118, for breach of contract, and for equitable remedies in quasi contract. Plaintiff also brings a claim against Defendants for willfully filing fraudulent information returns pursuant to 29 U.S.C. § 7434.

### b. **Defendants**

Defendants allege that an oral contract existed between Plaintiff and Defendants regarding Plaintiffs employment, which did not permit Plaintiff to work overtime. Defendants allege that an oral contract existed between Plaintiff and Defendants regarding Plaintiffs employment, which would not require overtime payments under relevant law. Defendants allege that additional payments and remuneration was made by Defendants to Plaintiff that constitutes wages not otherwise taken into account by Plaintiff. Defendants allege that additional payments and remuneration was made by Defendants to Plaintiff that offset the total damages claimed by Plaintiff. Plaintiff's complaint is precluded by waiver, laches, unclean hands and estoppel. Defendants reserve the rights to supplement these defenses.

### 4. UNDISPUTED FACTS

The folhlowing facts are undisputed:

1. The Plaintiff worked as an employee for WESTERN STONE OF LYONS, LLC ("Western Stone").

3

2. Defendant Frysig is the single member and sole operator and manager of Defendant Western Stone.

3. The Plaintiff worked as an employee for Defendant Western Stone.

## 5. COMPUTATION OF DAMAGES

### a. Plaintiff:

It will be necessary to ascertain how many hours were worked by Plaintiff in order to calculate damages. In order to do that, the Plaintiff will need to review Defendants' discovery and disclosures and perhaps consult an expert. The Plaintiff is able to identify the following categories of damages that he currently expects to demand. Plaintiff reserves the right to demand additional damages as he better understands his claims through discovery and potentially with the help of an expert.

1. damages in contract and/or quasi-contract;
2. unpaid minimum wage pursuant to state and federal law (29 U.S.C. §§ 201 et seq.; C.R.S. § 8-6-118; C.C.R. § 7-1103–1);
3. unpaid overtime pursuant to state and federal law (29 U.S.C. §§ 201 et seq.; C.R.S. § 8-6-118; C.C.R. § 7-1103–1);
4. liquidated damages pursuant to the FLSA (29 U.S.C. §§ 201 et seq);
5. damages for fraudulently filed information returns (26 U.S.C. § 7434);
6. damages for his unpaid wages pursuant to Colorado Statute (C.R.S. §§ 8-4-101 et seq.);

7. damages for civil theft pursuant to Colorado Statute (C.R.S. § 18-4-405);

8. costs; and

9. attorney's fees.

Plaintiff will file a supplemental notice relating to the computation of damages no later than October 15, 2015.

**b. Defendants:**

N/A

## 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED.R.CIV.P. 26(f)

a. Date of Rule 26(f) meeting: **September 10, 2015**

b. Names of each participant and party he/she represented.

**David Seligman for Plaintiff**

**Thomas West for Defendant**

c. Statement as to when Rule 26(a)(1) disclosures were made or will be made.

**September 30, 2015. Defendants will serve their Rule 26(a)(1) disclosures and associated documents no later than October 22, 2015.**

d. Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).

**Disclosures pursuant to Fed. R. Civ. P. 26(a)(1) will be made by Wednesday, September 30, 2015.**

e. Statement concerning any agreements to conduct informal discovery:

5

        **The parties have not agreed to conduct any specific informal discovery at this time.  However, during the discovery in this case if it appears to all counsel that informal discovery would be productive they will discuss and coordinate all such informal discovery.**

    f.    Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.

        **Counsel agree to cooperate and will utilize a unified exhibit numbering system and reduce discovery and litigation costs where possible.**

    g.    Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

        **The parties anticipate that there are pay records, emails, and other ESI in the possession custody or control of the respective parties that may be relevant to the claims and defenses in this case.**

        i.    steps the parties have taken or will take to preserve electronically stored information;

        **The parties pledge in good faith to preserve all relevant electronically stored information through any trial in this case.**

  ii.    steps the parties have taken or will take to facilitate discovery of electronically stored information;

        **The parties agree in good faith to disclose all relevant non-privileged electronically stored information.**

  **iii.**    limit the associated discovery costs and delay;

        **The parties will disclose ESI in electronic format and, when practicable, in a format that is electronically searchable.**

  **iv.**    avoid discovery disputes relating to electronic discovery; and

        **The parties agree to act in good faith to facilitate the discovery of all non-privileged ESI.**

  **v.**    address claims of privilege or of protection as trial-preparation materials after production of computer-generated records.

        **The parties will maintain electronically stored information that is relevant, but withheld due to privilege, through trial.**

h.    Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.

**Plaintiff believes that ADR may be helpful in the future, but believes that it is necessary to conduct discovery and resolve**

**legal issues first. Defendants wish to explore ADR as soon as practical, but are willing to give Plaintiff time to conduct preliminary discovery before participating in ADR.**

## 7. CONSENT

**All parties have not consented to the exercise of jurisdiction of a magistrate judge.**

## 8. DISCOVERY LIMITATIONS

a. Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.

~~At this time, the parties do not request any modification to the presumptive limits.~~ **Each side may take up to ten depositions, including experts, and serve up to twenty-five (25) interrogatories, including discrete subparts.**

b. Limitations which any party proposes on the length of depositions.

~~None.~~ **Each deposition will be limited to 7 hours** ~~per side~~**.**

c. Limitations which any party proposes on the number of interrogatories, requests for production, and/or requests for admission.

~~At this time, the parties do not request any modification to the presumptive limits.~~ **Each side may serve up to**

**twenty-five (25) requests for production and twenty-five (25) requests for admissions.**

d.      Other Planning or Discovery Orders

**None.**

### 9.  CASE PLAN AND SCHEDULE

a.      Deadline for Joinder of Parties and Amendment of Pleadings:

**October 30, 2015**

b.      Discovery Cut-off:

**April 15, 2016**

c.      Dispositive Motion Deadline:

**May 20, 2016**

d.      Expert Witness Disclosure

1.      The parties shall identify anticipated fields of expert testimony, if any.

**The Plaintiff anticipates using the expert testimony of economists or accountants, or experts in a related field, to interpret the Defendants' payroll records and related business records. The Plaintiff also anticipates using expert in any area of expertise utilized by Defendants.**

**The Defendant anticipates using the expert testimony of an accountant or similar expertise to interpret**

**Defendants' books and records. The Plaintiff also reserves the right to utilize an expert in any related or complimentary field as an expert used by Plaintiff.**

2. Limitations which the parties propose on the use or number of expert witnesses.

**Each ~~party~~ <u>side</u> shall be limited to 3 experts.**

3. The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **January 22, 2016.**

4. The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **February 26, 2016.**

  e. Identification of Persons to Be Deposed:

**At this time, the parties have limited information and can identify few deponents other than the parties. As discovery progresses, the parties will identify the persons to be deposed and will work cooperatively together to appropriately schedule all depositions on dates on which both the deponent and counsel for all parties are available.**

  f. Deadline for Interrogatories: **All interrogatories must be served**

**no later than ~~33~~ 45 days prior to the discovery cut-off.**

g.      Deadline for Requests for Production of Documents and/or Admissions: **All requests for production of documents and requests for admission must be served no later than ~~33~~ 45 days prior to the discovery cut-off.**

### 10.  DATES FOR FURTHER CONFERENCES

*[The magistrate judge will complete this section at the scheduling conference if he or she has not already set deadlines by an order filed before the conference.]*

a.      Status conferences will be held in this case at the following dates and times:

_____.

b.      ~~A final pretrial conference will be held on~~ _____ ~~Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference~~.

<u>A final pretrial/trial preparation conference will be held before the Honorable Robert E. Blackburn on September 9, 2016 at 2:00 p.m. An eight-day jury trial will commence before Judge Blackburn on September 19, 2016 at 8:30 a.m.</u>

### 11.  OTHER SCHEDULING MATTERS

a.      Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.

    **None.**

 b. Anticipated length of trial and whether trial is to the court or jury.

   **The parties anticipate a two-week jury trial.**  <u>The parties are instructed to inform the court if it becomes clear prior to the Final Pretrial/Trial Preparation Conference that the trial will not last the full eight days.</u>

 c. Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado; or the U.S. Courthouse/Federal Building, 103 Sheppard Drive, Durango, Colorado.

**None.**

## 12.  NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1D. by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C. COLO. L Civ R. 7.1A.

In addition to filing an appropriate notice with the clerk's office, a *pro se* party must file a copy of a notice of change of his or her address or telephone number with the clerk of the magistrate judge assigned to this case.

In addition to filing an appropriate notice with the clerk's office, counsel must file a copy of any motion for withdrawal, motion for substitution of counsel, or notice of change of counsel's address or telephone number with the clerk of the magistrate judge assigned to this case.

### 13. AMENDMENTS TO SCHEDULING ORDER

**This scheduling order may only be amended upon a showing of good cause.**

DATED at Denver, Colorado, this 8th day of October, 2015.

BY THE COURT:

s/ Nina Y. Wang
_____
United States Magistrate Judge

APPROVED:

/s/ Alexander Hood
Alexander Hood
1535 High St.

Suite 300
Denver, CO 80218
Tel: 720-239-2606
Email: alex@towardsjustice.org
*Counsel for Plaintiff*

*/s/* Thomas West
Thomas West
1500 Pearl St, Suite 301
Bouler, CO 80302
Tel: 303-408-4862
Email: tommy@westventurelaw.com
*Counsel for Defendants*

14