### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLORADO

Civil Case No. 14-cv-01953-REB-NYW

ELOY GARZA

      Plaintiff,

v.

WESTERN STONE OF LYONS, LLC; and
PAUL W. FRYSIG

      Defendants.

---

### OBJECTION TO REPORT AND RECOMMENDATION, DKT. NO. 89

---

Magistrate Judge Wang's Report and Recommendation carefully reviews the number of issues raised by Defendants' Motion for Summary Judgment. Dkt. No. 89 ("R&R"). Plaintiff encourages the Court to adopt it, with one small exception.

Magistrate Judge Wang recommends that the Court grant summary judgment to Defendants on Plaintiff's claim under the Colorado Wage Claim Act, C.R.S. § 8-4-101, *et seq.* ("CWCA"), "insofar as [that claim] pertains to hours billed and wages paid." R&R at 21. Based on a statement Plaintiff made in his deposition, Magistrate Judge Wang reasons that Plaintiff has not established a genuine issue of material fact regarding whether he was paid for all of the hours he worked. *Id.* at 20. (There are indisputably genuine issues of material fact about whether Plaintiff was paid overtime premiums for hours worked in excess of 40 hours per week.)

1

With respect, that conclusion is based on a misreading of Plaintiff's deposition testimony. In his Response to Defendants' Motion for Summary Judgment, Plaintiff argued, as he always has, that he was not paid at all for some of the hours worked. Dkt. No. 81 at 5 ("Western Stone also failed to pay Mr. Garza for every hour he worked.").[1] But Magistrate Judge Wang concluded that Mr. Garza's deposition testimony conflicted with that argument in that Mr. Garza testified that he did not send Mr. Frysig a letter to recover any unpaid wages after his employment terminated because Mr. Frysig had "paid that before." Dkt. No. 81-2 at 101:17-18. In Plaintiff's view, that statement refers to the fact that Mr. Garza had received his final paycheck from Mr. Frysig. *Id.* at 99:24-25 ("I cashed the check on the 28th."). And, at the very least, a reasonable fact finder could understand that testimony differently than the R&R does.

---

[1] The R&R suggests that Defendants' Motion for Summary Judgment, Dkt. No. 74, argued that Defendants had paid Mr. Garza for all of the hours he worked but that Plaintiff did not "address this argument in response." R&R at 20. Respectfully, Plaintiffs' Response argued this factual point explicitly. It stated that Plaintiff was not paid for all of the hours he worked, Dkt. No. 81 at 5, and that he was denied overtime premiums, *id.* at 3-4.

Magistrate Judge Wang may have thought that the denial of overtime premiums was on its own irrelevant to Plaintiff's CWCA claims. *See* R&R at 21 n.7. But in Plaintiff's view, that conclusion is based on a misreading of Colorado wage-and-hour law. The CWCA does not require payment of any particular wage rate, but it does require payment of "***[a]ll amounts*** for labor or service performed by employees." C.R.S. § 8-4-101(14)(a)(I) (emphasis added). As a court in this District recently explained, that definition encompasses all wages owed, whether they are owed pursuant to an explicit contract or legal requirements like FLSA's overtime provisions. *Irigoyen-Morales v. Concreations of Colo.*, 2016 U.S. Dist. LEXIS 85837 (D. Colo. June 30, 2016). In other words, overtime wages owed under federal and state law are recoverable under the CWCA. In any event, Plaintiff did clearly argue that he was not paid for all of the hours he worked, and therefore, did not waive this argument.

By contrast, throughout Mr. Garza's testimony, he frequently states that he did not receive wages for all of the hours he worked. *Id.* at 19:16-24, 27:18-7. Although Mr. Frysig apparently told Mr. Garza that he was cutting Mr. Garza's work hours to pay off Mr. Garza's rent obligation, such a deduction is only legal under the Colorado Wage Claims Act if it is made "pursuant to a written agreement." C.R.S. § 8-4-105(b). While Defendants have not argued that the deductions fell within this carve-out, they have produced written agreements that purport to describe a deduction from Mr. Garza's pay for rental payments. *See* Dkt. No. 81-2 at 22:14-19.

For at least three reasons, however, those documents do not dispose of Mr. Garza's claim to recover wages for hours worked for which he was not paid: (1) Mr. Frysig has not produced any agreements for years worked before 2011, but the statute of limitations for Mr. Garza's CWCA claim did not accrue until his employment terminated in 2013, and he can therefore recover wages unpaid in years before 2011, *Irigoyen-Morales v. Concreations of Colo.*, 2016 U.S. Dist. LEXIS 85837 (D. Colo. June 30, 2016); *Farris v. ITT Cannon*, 834 F. Supp. 1260, 1265 (D. Colo. 1993); (2) it is not at all clear that Mr. Frysig abided by these written agreements when he haphazardly reduced Mr. Garza's hours to offset some portion of rent payments, Dkt. No. 81-2 at 19:9-19; and (3) Mr. Garza insists that the signatures on these agreements are not his, Dkt. No. 81-2 at 22:18-19. All of these factual disagreements create genuine issues of material fact that should be resolved at trial.

## CONCLUSION

The Court should adopt Magistrate Judge Wang's R&R with the exception of her recommendation that the Court grant summary judgment to Defendants on Plaintiff's claims that he was not paid at all for some of the hours he worked. That question raises triable issues of fact.

Respectfully Submitted,

s/David Seligman
David Seligman
Alexander Hood
Towards Justice
1535 High Street, Suite 300
Denver, CO 80218
Tel.: 720-248-8426
Fax: 303-957-2289
Email:
alex@towardsjustice.org
david@towardsjustice.org

Attorneys for Plaintiff

## Certificate of Service

I hereby certify that on October 27, 2016, I served a true and correct copy of the forgoing on all parties that have appeared pursuant to F.R.C.P. 5.

 s/ David Seligman
David Seligman